IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Criminal Case No. 20-po-7016-GPG

UNITED STATES OF AMERICA,

    Plaintiff,

v.

DAVID LESH

    Defendant.

## GOVERNMENT'S RESPONSE TO DEFENDANT'S MOTION TO QUASH BENCH WARRANT

The United States of America, by and through United States Attorney Jason R. Dunn and Assistant United States Attorney Pete Hautzinger, respectfully objects to the motion to quash bench warrant filed by the defendant on October 26, 2020. As grounds in support of this position the Government states:

    1) On October 2, 2020 the Court conducted a hearing as to setting conditions of release in this matter. The Court ordered the defendant released on an unsecured appearance bond of $1,000. The order of release was also subject to a number of conditions. Condition number (1) stated that "[t]he defendant must not violate federal, state, or local law while on release". An additional special condition stated that "Defendant may go onto National Forrest System (NFS) land, but may not trespass while thereon, e.g. such land or specific area therein is closed. While on NFS land of any sort, Defendant may not violate the law" [sic]. The defendant was additionally

advised: "violating any of the foregoing conditions of release may result in the immediate issuance of a warrant for you arrest, a revocation of your release, an order of detention, a forfeiture of any bond, and a prosecution for contempt of court and could result in imprisonment, a fine, or both".  The defendant was present telephonically at the October 2, 2020 hearing and acknowledged that he understood the Court's order.  The defendant additionally signed an acknowledgement on October 6, 2020.  That acknowledgement stated "I acknowledge that I am the defendant in this case and that I am aware of the conditions of release.  I promise to obey all conditions of release, to appear as directed, and surrender to serve any sentence imposed."

2)	As is detailed in the attached affidavit from United States Forest Service Special Agent Benjamin Leach, on October 21, 2020 the defendant posted an obscene and offensive photograph to his Instagram account.  The photograph appears to depict the defendant defecating into the waters of Maroon Lake, in the White River National Forest.

3)	As is also detailed in the attached affidavit, the Government does not know when the photograph was actually taken; current conditions at Maroon Lake appear to be different than those depicted in the photograph.

4)	The Government submits that the posting of the photograph on October 21, 2020, just 19 days after the defendant was specifically ordered by the Court to do nothing illegal on National Forest lands and not to trespass on National Forest lands is clear evidence of the defendant's contempt of the Court and the judicial system.  It is evidence that he believes he can do whatever he wants to wherever he wants to, without regard for what the Court has ordered.   It should also be noted that simply

2

being in the waters of Maroon Lake is a violation of 36 Code of Federal Regulations 261.58(K) (entering or being in a body of water).

  5) As a result of the defendant's latest Instagram posting, defense counsel filed a motion to withdraw on October 22, 2020. The Court set a hearing on that motion for October 23, 2020 at 10:00 am. The fact of that setting was directly communicated to the defendant by the Court's clerk and the defendant acknowledged by means of email that he was aware of the setting. The defendant's motion to quash also appears to acknowledge that he was in receipt of the email from the Court's clerk approximately 16 hours prior to the time the hearing was scheduled to commence.

  6) The defendant failed to appear at the hearing scheduled for 10:00 am on October 23, 2020. The Court made a specific record detailing how the defendant had acknowledged via email that he was aware of the date and time of the hearing and issued a no bond warrant for the arrest of the defendant. At 12:11 pm on October 23, 2020 the Court's clerk sent an email to undersigned and defense counsel stating: "FYI: Mr. Lesh left me a voicemail at Chambers at 11:23 AM stating he tried to call in to the number I directed to him (the number is only on during the timeframe of the hearing). Mr. Lesh also sent this email shortly after his voicemail." In the email the Court's clerk referenced (received at 11:26 am), the defendant claimed: "I've been trying to call in without any luck. It went silent, I called back, and it connected and says "You are the only participant". I also tried calling the number in your email signature, got your VM, and left a message. Let me know what I should do. I'll be available until 3pm Colorado time."

7) As a matter of practice during the COVID pandemic quarantine, undersigned phones in to the Court's telephone access line for every virtual hearing prior to logging in to the Court's video conference line with his computer. Undersigned does this as a backup, in case the internet connection is lost. Undersigned did exactly this for the hearing in this matter on October 23, 2020 at 10:00 am. As an officer of the Court undersigned can unequivocally state that the Court's telephone line was working just fine, that undersigned was connected and listened to the entire hearing by phone while he also participated by VTC. No one else was on the phone line; the defendant was not on.

8) The Government also incorporates by reference the arguments made by citizen Bronwyn Anglin in the letter she sent to the Court on October 25, 2020.

9) For all of these reasons the United States respectfully requests that the Court deny the motion to quash the bench warrant for the arrest of the defendant. The United States requests that the Court then conduct a hearing pursuant to 18 USC 3148 to determine whether there is probable cause to believe the defendant has committed a Federal State or local offense while on release or whether there is clear and convincing evidence that the defendant has violated any other condition of release. The United States asks that the Court consider the imposition of multiple additional conditions of release in this matter. The United States submits that appropriate additional conditions would be home detention with electronic monitoring, and outright ban from U.S. National Forest lands while this case is pending and a prohibition from additional internet postings while this case is pending.

Respectfully submitted this 27th day of October, 2020.

                          JASON R. DUNN
                          United States Attorney


                          By: *s/Pete Hautzinger*
                          PETE HAUTZINGER
                          Assistant U.S. Attorney
                          205 N. 4th Street, Suite 400
                          Grand Junction, Colorado 81501
                          Telephone: (970) 241-3843
                          Fax: (970) 248-3630
                          E-mail: peter.hautzinger@usdoj.gov
                          Attorney for United States

# CERTIFICATE OF SERVICE

I hereby certify that on October 27, 2020, I electronically filed the foregoing **GOVERNMENT'S RESPONSE TO DEFENDANT'S MOTION TO QUASH BENCH WARRANT** with the Clerk of the Court using the CM/ECF system.

*s/ Cosandra Foster*
COSANDRA FOSTER
Paralegal Specialists
U.S. Attorney's Office
205 N. 4th Street, Suite 400
Grand Junction, CO 81501
Telephone (970) 241-3843
Fax (970) 248-3630
E-mail: cosandra.foster@usdoj.gov