IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Criminal Case No. 20-po-7016-GPG

UNITED STATES OF AMERICA,

        Plaintiff,

v.

DAVID A. LESH

        Defendant.

---

**MOTION TO DISMISS FOR VIOLATION OF NONDELEGATION DOCTRINE**

---

Defendant, David Lesh, by and through undersigned counsel from Varner Faddis Elite Legal, hereby respectfully moves this Honorable Court to dismiss this case as outlined below, and as grounds therefor states as follows:

1. On February 11, 2021, the United States (hereafter the "Government") filed a Superseding Indictment with two counts. Count 1 alleges that Mr. Lesh personally operated a snowmobile off a designated route in the Keystone Ski Area, in violation of 36 C.F.R. 261.13; Count 2 alleges that Mr. Lesh personally sold or offered for sale any merchandise or conducted any kind of work activity or service without authorization while on the Keystone Ski Area grounds, in violation of 36 C.F.R. 261.10(c).

2.      Article I § 1 of the U.S. Constitution provides that "[a]ll legislative powers herein granted shall be vested in a Congress of the United States." U.S. Const. art. I, § 1. The nondelegation doctrine is rooted in the separation of powers principle and holds that "Congress is not permitted to abdicate or to transfer to others the essential legislative functions with which it is thus vested." *A.L.A. Schecter Poultry Corp. v. U.S.*, 295 U.S. 495, 529 (1935).

3.      Former 10th Circuit Judge and current Supreme Court Justice Neil Gorsuch explained: "The framers worried that placing the power to legislate, prosecute, and jail in the hands of the Executive would invite the sort of tyranny they experienced at the hands of a whimsical king. Their endorsement of the separation of powers was predicated on the view that '[t]he inefficiency associated with [the legislative process] serves a valuable' liberty-preserving 'function, and, in the context of criminal law, no other mechanism provides a substitute.'" *U.S. v. Nichols*, 784 F.3d 666, 670 (10th Cir. 2015) (Gorsuch, dissenting) (*quoting* Rachel E. Barkow, SEPARATION OF POWERS AND THE CRIMINAL LAW, 58 Stan. L.Rev. 989, 1011–17, 1031 (2006)).

4.      In *U.S. v. Nichols*, now-Justice Gorsuch recognized that the Supreme Court has had some difficulty in deciding precisely how to identify an impermissible delegation of legislative authority. *Id.* at 671. Though courts have stated that legislative delegation based upon an "intelligible principle" is sometimes permissible, Justice Gorsuch recognized that "the Court has never expressly held that an intelligible principle alone suffices to save a putative delegation when the criminal law is involved." *Id.* In fact, in the criminal arena, Justice Gorsuch has advocated for a stricter rule and more meaningful guidance than merely an intelligible principle, due to the degree

of intrusion and deprivation of liberty the criminal law can impose, as compared to, say, the regulation of a commercial industry. *Id.*

5. In *U.S. v. Nichols*, now-Justice Gorsuch discussed *Touby v. U.S.*, 500 U.S. 160 (1991), which addressed a challenge to the Controlled Substances Act and provisions thereof that permitted the Attorney General to schedule various drugs as controlled substances, rendering their possession by unauthorized persons illegal. *Id.* at 763–74. In his analysis, then-Judge Gorsuch opined:

> [D]istilling *Touby* to its essence, at least three "meaningful" limitations emerge: (1) Congress must set forth a clear and generally applicable rule (unauthorized persons may not possess the drug) that (2) hinges on a factual determination by the Executive (does the drug pose an imminent hazard?) and (3) the statute provides criteria the Executive must employ when making its finding (does the drug in question currently have an accepted medical use?). These three criteria could easily be applied to most any delegation challenge in the criminal context and provide the more meaningful standard the Court has long sought. In fact, since *Touby* a number of courts of appeals have employed something very much like them when assessing delegation challenges to federal criminal statutes. *See United States v. Amirnazmi*, 645 F.3d 564, 576–77 (3d Cir. 2011); *United States v. Dhafir*, 461 F.3d 211, 216–17 (2d Cir. 2006); *United States v. Arch Trading Co.*, 987 F.2d 1087, 1093–94 (4th Cir. 1993).

*Id.*

6. The criminal laws the Government claims Mr. Lesh violated were created not by the Legislative Branch, but rather the Executive Branch—the same branch charged with enforcing alleged violations of the criminal laws *it* created.

7. Counts 1 and 2 are based on alleged violations of Part 261 of Title 36 of the Code of Federal Regulations, which is a set of criminal prohibitions promulgated by the Department of Agriculture, an Executive Branch office. As far as undersigned counsel can discern, the legislative delegation

language for these rules can be found in 7 U.S.C. § 1011(f), in which the legislative branch empowers the Secretary of Agriculture "[t]o make such rules and regulations as he deems necessary to prevent trespasses and otherwise regulate the use and occupancy of property acquired by, or transferred to, the Secretary for the purposes of this subchapter, in order to conserve and utilize it or advance the purposes of this subchapter. Any violation of such rules and regulations shall be punished by a fine of not more than $500 or imprisonment for not more than six months, or both."

8.      The language central to this legislative delegation—to "regulate the use and occupancy of property"—is alarmingly vague and would appear to authorize nearly any criminal law the Department of Agriculture felt like issuing with respect to federal land. Tacking-on to the delegation the language "in order to conserve and utilize it or advance the purposes of this subchapter" is likewise non-descript and provides no meaningful guidance to the Department in issuing rules or to courts in reviewing challenges to the enactment of those rules.

9.      As far as undersigned counsel can discern, this legislative delegation provides no generally applicable rule, does not hinge on a factual finding from the Executive Branch, and does not provide obligatory statutory criteria by which the Executive Branch must render its finding(s). It also does not expressly impose any limitations on the Department of Agriculture in creating crimes.

10.     Thus, this legislative delegation essentially gives the Department of Agriculture free reign to issue whatever criminal prohibition it wishes so long as it can tie that edict to "regulat[ing] the

use and occupancy of property." It further empowers that same branch of government—the Executive Branch—to enforce and prosecute alleged violations of the criminal laws it created.

11.     In doing so, the legislative enactment runs afoul of the separation of powers and nondelegation doctrines. Accordingly, this Court should deem the applicable provisions invalid and dismiss this case in its entirety.

WHEREFORE, Defendant that this Court dismiss this case for violation of the nondelegation doctrine, and for other such relief as the Court deems just and appropriate.

DATED this 19th day of April, 2021.

Respectfully submitted,

*/s/ Eric Faddis*_____

Eric Faddis #44990
Varner Faddis Elite Legal
6025 S. Quebec St., Suite 320
Centennial, CO 80111
720-770-8335
efaddis@varnerfaddis.com
Attorney for Defendant

## CERTIFICATE OF SERVICE

  I hereby certify that on April 19, 2021, I served a copy of the foregoing via CM/ECF on all interested parties.

               s/ Eric Faddis
               Eric Faddis