IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF COLORADO

Gordon P. Gallagher, United States Magistrate Judge

Criminal Case No.  20-PO-07016-GPG

UNITED STATES OF AMERICA,

      Plaintiff,

v.

DAVID LESH,

      Defendant.

---

**ORDER DENYING DEFENDANT'S MOTION TO DISMISS FOR VIOLATION OF NONDELEGATION DOCTRINE**

---

This matter comes before the Court on Defendant's motion to dismiss (D. 67)[1], and the Government's response (D. 70).  The Court has reviewed the pending motion, response, and all attachments.  The Court has also considered the entire case file, the applicable law, and is sufficiently advised in the premises.  Oral argument is not necessary.  This Magistrate Judge DENIES the motion for the reasons specifically set forth below.

This Court has already detailed the facts of this case in its prior Order and will not do so here.  (*See* D. 61).  Defendant moves this Court to dismiss the Superseding Information, arguing that it violates the nondelegation doctrine.  (D. 67, pp. 3-5).  Defendant relies exclusively upon the dissent from *United States v. Nichols*, 784 F.3d 666, 667-77 (10th Cir. 2015) (Gorsuch, J.,

---

[1] "(D. 67)" is an example of the stylistic convention used to identify the docket number assigned to a specific paper by the Court's case management and electronic case filing system (CM/ECF).  This convention is used throughout this Order.

dissenting).  Defendant argues that counts 1 and 2 are a set of criminal prohibitions promulgated by the Department of Agriculture and that such legislative delegation "essentially gives the Department of Agriculture free reign to issue whatever criminal prohibition it wishes so long as it can tie that edict to 'regulat[ing] the use and occupancy of property.'"  (D. 67, pp. 4-5).

Under the U.S. Constitution, "[a]ll legislative Powers herein granted shall be vested in a Congress of the United States."  U.S. Const., art. I, § 1.  The Supreme Court has made clear that:

> [w]e have long recognized that the nondelegation doctrine does not prevent Congress from seeking assistance, within proper limits, from its coordinate Branches.  Thus, Congress does not violate the Constitution merely because it legislates in broad terms, leaving a certain degree of discretion to executive or judicial actors. So long as Congress "lay[s] down by legislative act an intelligible principle to which the person or body authorized to [act] is directed to conform, such legislative action is not a forbidden delegation of legislative power.

*Touby v. United States*, 500 U.S. 160, 165 (1991) (citations omitted).  The fact that then-Judge Gorsuch dissented in a case pertaining to 42 U.S.C. § 16913, which requires sex offenders to notify authorities if they plan to leave the jurisdiction or country, is not controlling precedent for this Court's analysis.  Rather, a delegation is constitutionally sufficient if Congress "clearly delineates the general policy, the public agency which is to apply it, and the boundaries of this delegated authority."  *Mistretta v. United States*, 488 U.S. 361, 372–73 (1989).  Defendant fails to argue that the authorizing statutes 7 U.S.C. § 1011(f) and 16 U.S.C. §§ 551, 1133(c), and 1246(i) are unconstitutional or do not contain an intelligible principle under which the Department of Agriculture or another federal agency is directed to conform.  Defendant does not rely upon controlling precedent or make a cogent argument, and thus this Magistrate Judge DENIES Defendant's motion to dismiss.  (D. 67).

Dated at Grand Junction, Colorado this May 12, 2021.

_____
Gordon P. Gallagher
United States Magistrate Judge