## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

| | | |
|---|---|---|
| United States of America, | : | |
| | : | |
| | : | No. 20-PO-07016-GPG |
| v. | : | |
| | : | |
| David A. Lesh, | : | |
| | : | |
| *Defendant.* | : | |

## REPLY IN SUPPORT OF DEFENDANT'S MOTION FOR LEAVE TO FILE OUT-OF-TIME POST-TRIAL MOTION

The government opposes David Lesh's motion for leave based on the mistaken premise that sentencing Mr. Lesh as quickly as possible is more important to the public than ensuring his conviction is constitutional.  ECF No. 95, Gov.'s Resp., at 6 [hereinafter "Resp."].   But the public's interest—as the prosecution's should be—is in seeing justice done, even if some self-selecting members of the community think Mr. Lesh should serve "a few months in prison" for having the "audacity" to self-promote.  *See* ECF No. 91, Letter, Hilary April to Judge Gallagher (October 25, 2021); *see also* Resp. at 6 (suggesting these letters reflect the public interest).  Consistent with this recognition of the public interest, the Tenth Circuit has instructed that justice is served by liberally construing the excusable-neglect standard in favor of a judgment on the merits.  *See Cessna Finance Corp. v. Bielenberg Masonry Contracting, Inc.*, 715 F.2d 1442, 1444 (10th Cir. 1983); *cf. also Rachel v. Troutt*, 820 F.3d 390, 394 (10th Cir. 2016).  That this case has generated "significant media interest" cautions in favor of its resolution on the merits rather than a rush to sentence Mr. Lesh based on an unconstitutional conviction.  *But see* Resp. at 6.

The government also laments the "virtually unprecedented" time it has spent prosecuting Mr. Lesh for petty offenses.  Resp. at 1.  Those charging decisions—despite the "stumbling block" of a lack of any evidence tying Mr. Lesh to the crimes alleged—were the government's self-inflicted choice.

*See* Trial Transcript at 241:7-11.   And any further delay to allow this Court to consider the constitutionality of the government's prosecution is a direct result of the prosecution's novel decision to charge Mr. Lesh with "selling" merchandise on NFS land without a special-use authorization based on photos Mr. Lesh posted to his personal Instagram account.   The government is simply wrong that Mr. Lesh only seeks to make his record for appeal.   Mr. Lesh would vastly prefer that this Court resolve his case on the merits.   It is this Court's role to decide, in the first instance, whether his prosecution under 36 C.F.R. § 261.10(c) can withstand constitutional scrutiny.   Mr. Lesh is confident that, with leave of court to raise those arguments, he will be acquitted on Count II and not have to appeal that conviction—saving the government more time in the long run.   *See Jennings v. Rivers*, 394 F.3d 850, 857 (10th Cir. 2005) ("An additional consideration [under Rule 45(b)] is whether the moving party's underlying claim is meritorious.").

This Court's convicting Mr. Lesh of violating § 261.10(c) without any consideration of the serious constitutional implications of that decision will have a chilling effect on business owners or "influencers" who post a photo of NFS land.   No member of the public can possibly identify how NFS may apply its "sliding scale" approach to determining when § 261.10(c) supposedly requires use permits.   Tr. 189:10-13.   According to Special Agent Leach, the permit requirement applies differently based on the size of a company ("you know, an average member of the public that had 1,000 followers, maybe that wouldn't count") and whether someone "has a significant brand behind them and/or following" or "has less likes, or a smaller brand, or approaches things differently, it—it depends," given the changing social-media landscape.   Tr. at 124:7-15, 125:3-8, 189:10-25.   Considering NFS's lead investigator could not articulate a coherent interpretation of the regulation he's charged with enforcing, *id.*, there was no way for Mr. Lesh to know where his speech landed on NFS's sliding scale—or that NFS is even applying a sliding scale to begin with.   NFS has failed to articulate a clear statement of law to which the public can conform its conduct in advance and have fair warning of

whether that conduct may result in a federal prosecution.  That is exactly why the First Amendment and the Due Process Clause prohibit such an *ad hoc* approach to criminal restrictions on free speech. *See McBoyle v. United States*, 283 U.S. 25, 27 (1931) (holding that due process requires that "a fair warning should be given to the world in language the common world will understand, of what the law intends to do if a certain line is passed.  To make the warning fair, so far as possible the line should be clear.").

Unconcerned with the constitutional infirmities with its prosecution, the government goes so far as to suggest that Mr. Lesh's motion for leave to raise these issues on the merits is not in good faith because Mr. Lesh committed the grievous sin of waiting 35 days to speak with potential appellate counsel (*see* Resp. at 6), even though his sentencing was not even scheduled yet by that point.  Any notion that Mr. Lesh is acting in bad faith to delay proceedings is belied by the fact that, at the scheduling hearing, Mr. Lesh asked to have his sentencing scheduled as quickly as possible.

Importantly, however, the government is not merely wrong with respect to its assessment of prejudice, delay, and good faith, it also severely overstates the law of the circuit on Rule 45(b).  As the Tenth Circuit recognized in *Vogl*, just three weeks after it decided *Torres*, the rule announced in *Torres* was simply "that 'defense counsel's misinterpretation of a readily accessible, unambiguous rule cannot be grounds for relief unless the word 'excusable' is to be read out of the rule.'" *United States v. Vogl*, 374 F.3d 976, 981 (10th Cir. 2004) (quoting *United States v. Torres*, 372 F.3d 1158, 1163-64 (10th Cir. 2004).  Judge Ebel, who was on the panel in both cases, wrote for the Court in *Vogl* to reiterate that a district court cannot "rest[] its finding of 'excusable neglect' *solely on the defense counsel's misunderstanding of the plain and unambiguous language*" of a claim-processing rule.[1]  *Vogl*, 374 F.3d at 981-82 (emphasis

---

[1] It is important to note that in 2004 when the Tenth Circuit decided *Torres*, it raised the excusable-neglect issue *sua sponte*, because the Court was still operating under the misconception that rules that set the time for filing limit the court's subject-matter jurisdiction.  *See United States v. Torres*, 372 F.3d 1159, 1161 (2004) (dismissing the untimely appeal "for lack of jurisdiction" because Rule 4(b) "is mandatory and jurisdictional"); *but see United States v. Madrid*, 633 F.3d 1222, 1228 (10th Cir. 2011) ("[T]he filing of a notice of appeal in a criminal case is a non-jurisdictional claims-processing

added).  But because the trial court based its decision on more than an erroneous reading of a plainly

stated rule, *Vogl* affirmed the finding of excusable neglect, emphasizing the trial court's broad

discretion and the "greater deference" it affords in criminal cases.  *Id.* at 982.  The Tenth Circuit has

since said that Rule 45(b) would "[a]rguably" allow a defendant to show excusable neglect based on

his counsel's ineffectiveness.  *United States v. Smith*, 311 Fed. App'x 82, 84 (10th Cir. 2008); *cf. also United*

*States v. Kayarath*, 131 F.3d 152 (10th Cir. 1997) (declining to find excusable neglect based on an

attorney's mistake because there was not a "full presentation of facts" in the trial court); *United States*

*v. Roibal-Bradley*, No. CR 15-3253 JB, 2017 WL 3052523, at *13 (D.N.M. June 20, 2017) (finding no

excusable neglect based on ineffective assistance of counsel when the defendant discussed the

ineffective-assistance claim with counsel within 14 days of the verdicts and the decision to wait to file

appeared to be tactical at the time it was made).

As the Sixth Circuit explained in *Munoz* (and several other circuits have held), criminal

defendants should not be held to such a strict interpretation of excusable neglect.  605 F.3d 359, 362

(6th Cir. 2010); *see also Downs v. McNeil*, 520 F.3d 1311, 1319-21 (11th Cir. 2008) (more lenient approach

in criminal cases); *United States v. Clark*, 193 F.3d 845, 846-47 (5th Cir. 1999) ("[A] clear case of

ineffective assistance of counsel … is sufficient to prove excusable neglect."); *United States v. McKenzie*,

99 F.3d 813, 816 (7th Cir. 1996) (upholding a finding of excusable neglect based on an attorney's

failures); *Billy-Eko v. United States*, 8 F.3d 111, 114 (2d Cir. 1993) ("Even the scrupulous attorney

searching the record in good faith would likely be blind to his [own] derelictions at … trial[.]"), *abrogated*

*on other grounds by Massaro v. United States*, 538 U.S. 500, 504 (2003)).

Like its sister circuits, the Tenth Circuit has applied a more lenient standard to its review of

excusable neglect in criminal cases.  *See Vogl*, at 982.  This case illustrates the problem with refusing

---

rule[.]").  No added concerns about the Court's jurisdictional limits counsel against granting Mr. Lesh's
motion here.

to excuse criminal defendants from the failings of their trial counsel.  Unlike in *Torres*, Mr. Lesh's counsel did not simply misread an unambiguous rule that sets time requirements in language clear to all readers or fail to recognize that a motion for judgment of acquittal was due within 14 days.  372 F.3d 1158, 1163-64 (10th Cir. 2004).  His excuse for neglect is much different.  He assumed that his attorney's references to "unconscionable" and "extremely problematic" "First Amendment concerns" with punishing "influencers in social media[] who have a broad reach and a brand" would prompt judicial consideration of the issues.  Tr. at 237:7-14.

Trial counsel's errors here—while perhaps blatant to any effective constitutional lawyer who reviews the record—were reasonably much less obvious to a layperson like Mr. Lesh, who has no appreciation of the subtleties of raising an issue with particularity.  Stated plainly, it was egregious for trial counsel to merely allude to the constitutional issues plaguing the government's case without formally moving to acquit Mr. Lesh on those grounds—particularly after this Court had already admonished counsel that he could not simply allude to "constitutional infirmity" "without further argumentation."  Order, ECF No. 61, at 6.  Mr. Lesh's lay impression from watching trial was that his attorney had raised these issues, and until he secured undersigned counsel, he had no reason to believe otherwise.  Since then, he has acted expediently to protect and assert his rights.

\* \* \*

Mr. Lesh respectfully requests that this Court grant his motion for leave to file a motion for judgment of acquittal, so that this Court can assure itself that his conviction is constitutional.

Respectfully submitted,

*/s/ Jared McClain*
Jared McClain
Litigation Counsel
NEW CIVIL LIBERTIES ALLIANCE
1225 19th Street NW, Suite 450
Washington, D.C. 20036
(202) 869-5210

5

December 17, 2021